BRIAN M. LEDGER  (SBN:  156942)
bledger@grsm.com
CHRISTOPHER T. JOHNSON  (SBN:  209685)
ctjohnson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

*Attorneys for Defendant*
PACIFIC STEEL, INC., a California Corporation

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC STEEL, INC., a California Corporation,<br><br>Defendant. | CASE NO. 23CV1202BEN KSC<br><br>**DEFENDANT PACIFIC STEEL, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: June 29, 2023 |

Defendant PACIFIC STEEL, INC. ("PSI") answers the Complaint of Plaintiff BNSF RAILWAY COMPANY ("BNSF") as follows:

1. PSI admits that it operated at 1700 Cleveland Avenue in National City.  Except as expressly stated, PSI denies the allegations of Paragraph 1 to the extent they pertain to PSI.  PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 1, and on that basis denies them.

2. PSI lacks information sufficient to form a belief as to the allegations of Paragraph 2, and on that basis denies them.

3. PSI admits the allegations of Paragraph 3.

4. PSI admits the allegations of Paragraph 4 to the extent they pertain to PSI.  PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 4, and on that basis denies them.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

5.     Paragraph 5 consists of legal conclusions to which no response is required.

6.     PSI lacks information sufficient to form a belief as to the allegations of Paragraph 6, and on that basis denies them.

7.     PSI lacks information sufficient to form a belief as to the allegations of Paragraph 7, and on that basis denies them.

8.     To the extent the allegations of Paragraph 8 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 8, and on that basis denies them.

9.     To the extent the allegations of Paragraph 9 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 9, and on that basis denies them.

10.     To the extent the allegations of Paragraph 10 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 10, and on that basis denies them.

11.     To the extent the allegations of Paragraph 11 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 11, and on that basis denies them.

12.     To the extent the allegations of Paragraph 12 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 12, and on that basis denies them.

13.     To the extent the allegations of Paragraph 13 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except

as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 13, and on that basis denies them.

14.     To the extent the allegations of Paragraph 14 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 14, and on that basis denies them.

15.     To the extent the allegations of Paragraph 15 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 15, and on that basis denies them.

16.     PSI admits that it operated a 1700 Cleveland Avenue in National City, and that its operations included auto shredding and metal recycling.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 16, and on that basis denies them.

17.     To the extent Paragraph 17 contains legal conclusions, no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 17, and on that basis denies them.

18.     PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 18, and on that basis denies them.

19.     PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 19, and on that basis denies them.

20.     To the extent Paragraph 20 contains legal conclusions, no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 20, and on that basis denies them.

21.     To the extent Paragraph 21 contains legal conclusions, no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 21, and on that basis denies them.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Pacific Steel, Inc.'s Answer to Complaint

22.    To the extent Paragraph 22 contains legal conclusions, no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 22, and on that basis denies them.

23.    To the extent Paragraph 23 contains legal conclusions, no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 23, and on that basis denies them.

24.    To the extent Paragraph 24 contains legal conclusions, no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 24, and on that basis denies them.

25.    To the extent Paragraph 25 contains legal conclusions, no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 25, and on that basis denies them.

26.    PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 26, and on that basis denies them.

27.    PSI admits that it transported wastes from the Property to a facility in Mexico.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 27, and on that basis denies them.

28.    To the extent Paragraph 28 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 28.

29.    To the extent Paragraph 29 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 29.

30.    To the extent Paragraph 30 contains legal conclusions, no response is required.  Except as stated, PSI la denies the allegations of Paragraph 30.

31.    To the extent Paragraph 31 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 31.

32.    To the extent Paragraph 32 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 32.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    33.    To the extent Paragraph 33 contains legal conclusions, no response is
2    required.  Except as stated, PSI denies the allegations of Paragraph 33.
3    34.    To the extent Paragraph 34 contains legal conclusions, no response is
4    required.  Except as stated, PSI denies the allegations of Paragraph 34.
5    35.    To the extent Paragraph 35 contains legal conclusions, no response is
6    required.  Except as stated, PSI denies the allegations of Paragraph 35.
7    36.    To the extent Paragraph 36 contains legal conclusions, no response is
8    required.  Except as stated, PSI denies the allegations of Paragraph 36.
9    37.    To the extent Paragraph 37 contains legal conclusions, no response is
10   required.  Except as stated, PSI denies the allegations of Paragraph 37.
11   38.    To the extent Paragraph 38 contains legal conclusions, no response is
12   required.  Except as stated, PSI denies the allegations of Paragraph 38.
13   39.    To the extent Paragraph 39 contains legal conclusions, no response is
14   required.  Except as stated, PSI denies the allegations of Paragraph 39.
15   40.    To the extent Paragraph 40 contains legal conclusions, no response is
16   required.  Except as stated, PSI denies the allegations of Paragraph 40.
17   41.    To the extent Paragraph 41 contains legal conclusions, no response is
18   required.  Except as stated, PSI denies the allegations of Paragraph 41.
19   42.    To the extent Paragraph 42 contains legal conclusions, no response is
20   required.  Except as stated, PSI denies the allegations of Paragraph 42.
21   43.    To the extent Paragraph 43 contains legal conclusions, no response is
22   required.  Except as stated, PSI denies the allegations of Paragraph 43.
23   44.    PSI admits that BNSF served a notice on January 13, 2023.  Except as
24   stated, PSI denies the allegations of Paragraph 44.
25   45.    PSI admits serving a response to BNSF's notice on February 8, 2023.
26   Except as stated, PSI denies the allegations of Paragraph 44.
27   46.    PSI admits that it has vacated the Property.
28   / / /

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

47.    PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 47, and on that basis denies them.

48.    PSI admits that BNSF served a demand on May 16, 2023.  Except as stated, PSI denies the allegations of Paragraph 48.

49.    PSI admits service of a notice on June 14, 2023.

50.    The allegations of Paragraph 50 characterize BNSF's claims and no response is required.

51.    The allegations of Paragraph 51 characterize BNSF's claims and no response is required.

52.    The allegations of Paragraph 52 characterize BNSF's claims and no response is required.

### First Cause of Action

53.    PSI incorporates by reference its responses to Paragraphs 1-52.

54.    PSI admits being a party to lease agreements with BNSF.

55.    PSI denies the allegations of Paragraph 55.

56.    To the extent Paragraph 56 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 56.

57.    To the extent Paragraph 57 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 57.

58.    Paragraph 58 sets forth legal conclusions to which no response is required.

59.    PSI denies the allegations of Paragraph 59.

### Second Cause of Action

60.    PSI incorporates by reference its responses to Paragraphs 1-59.

61.    PSI admits being a party to lease agreements with BNSF.

62.    To the extent Paragraph 62 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 62.

/ / /

-6-

Defendant Pacific Steel, Inc.'s Answer to Complaint

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

63.     To the extent Paragraph 63 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 63.

64.     To the extent Paragraph 64 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 64.

65.     PSI denies the allegations of Paragraph 65.

66.     PSI denies the allegations of Paragraph 66.

67.     PSI denies the allegations of Paragraph 67.

### Third Cause of Action

68.     PSI incorporates by reference its responses to Paragraphs 1-67.

69.     PSI admits being a party to lease agreements with BNSF.

70.     Paragraph 70 sets forth legal conclusions to which no response is required.

71.     To the extent Paragraph 71 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 71.

72.     To the extent Paragraph 72 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 72.

73.     PSI denies the allegations of Paragraph 73.

74.     PSI denies the allegations of Paragraph 74.

75.     PSI denies the allegations of Paragraph 75.

76.     PSI denies the allegations of Paragraph 76.

### Fourth Cause of Action

77.     PSI incorporates by reference its responses to Paragraphs 1-76.

78.     PSI admits being a party to lease agreements with BNSF.

79.     PSI denies the allegations of Paragraph 79.

80.     To the extent the allegations of Paragraph 80 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 80, and on that basis denies them.

81.    To the extent the allegations of Paragraph 81 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 81, and on that basis denies them.

82.    To the extent the allegations of Paragraph 82 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 82, and on that basis denies them.

83.    To the extent the allegations of Paragraph 83 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 83, and on that basis denies them.

84.    To the extent the allegations of Paragraph 84 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 84, and on that basis denies them.

85.    To the extent the allegations of Paragraph 85 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 85, and on that basis denies them.

86.    To the extent the allegations of Paragraph 86 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 86, and on that basis denies them.

87.    To the extent the allegations of Paragraph 87 characterize the terms of a contract, those terms speak for themselves and no response is required.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 87, and on that basis denies them.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Pacific Steel, Inc.'s Answer to Complaint

88.    PSI denies the allegations of Paragraph 88.

89.    PSI denies the allegations of Paragraph 89.

**Fifth Cause of Action**

90.    PSI incorporates by reference its responses to Paragraphs 1-89.

91.    PSI denies the allegations of Paragraph 91.

92.    PSI denies the allegations of Paragraph 92 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 92, and on that basis denies them.

93.    PSI denies the allegations of Paragraph 93 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 93, and on that basis denies them.

94.    PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 94, and on that basis denies them.

95.    PSI denies the allegations of Paragraph 95 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 95, and on that basis denies them.

96.    PSI denies the allegations of Paragraph 96.

**Sixth Cause of Action**

97.    PSI incorporates by reference its responses to Paragraphs 1-96.

98.    PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 98, and on that basis denies them.

99.    PSI denies the allegations of Paragraph 99.

100.    PSI denies the allegations of Paragraph 100 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 100, and on that basis denies them.

101.    PSI denies the allegations of Paragraph 101 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 101, and on that basis denies them.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Pacific Steel, Inc.'s Answer to Complaint

102.   PSI denies the allegations of Paragraph 102 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 102, and on that basis denies them.

103.   PSI denies the allegations of Paragraph 103 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 103, and on that basis denies them.

104.   PSI denies the allegations of Paragraph 104.

105.   PSI denies the allegations of Paragraph 105 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 105, and on that basis denies them.

106.   PSI denies the allegations of Paragraph 106.

### Seventh Cause of Action

107.   PSI incorporates by reference its responses to Paragraphs 1-106.

108.   Paragraph 108 sets forth legal conclusions to which no response is required.

109.   PSI denies the allegations of Paragraph 109.

110.   PSI denies the allegations of Paragraph 110.

### Eighth Cause of Action

111.   PSI incorporates by reference its responses to Paragraphs 1-110.

112.   PSI admits to being party to lease agreements with BNSF.

113.   To the extent Paragraph 113 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 113 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 113, and on that basis denies them.

114.   To the extent Paragraph 114 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 114 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Pacific Steel, Inc.'s Answer to Complaint

form a belief as to the remaining allegations of Paragraph 114, and on that basis denies them.

115.   To the extent Paragraph 115 contains legal conclusions, no response is required.   Except as stated, PSI denies the allegations of Paragraph 115 to the extent they pertain to PSI.   Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 115, and on that basis denies them.

116.   PSI denies the allegations of Paragraph 116.

### Ninth Cause of Action

117.   PSI incorporates by reference its responses to Paragraphs 1-117.

118.   Paragraph 118 sets forth legal conclusions to which no response is required.

119.   To the extent Paragraph 119 contains legal conclusions, no response is required.   Except as stated, PSI denies the allegations of Paragraph 119 to the extent they pertain to PSI.   Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 119, and on that basis denies them.

120.   To the extent Paragraph 120 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 120.

121.   PSI denies the allegations of Paragraph 121.

### Tenth Cause of Action

122.   PSI incorporates by reference its responses to Paragraphs 1-122.

123.   Paragraph 123 sets forth legal conclusions to which no response is required.

124.   Paragraph 124 sets forth legal conclusions to which no response is required.

125.   Paragraph 125 sets forth legal conclusions to which no response is required.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Pacific Steel, Inc.'s Answer to Complaint

126.   PSI denies the allegations of Paragraph 126 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 126, and on that basis denies them.

127.   PSI denies the allegations of Paragraph 127 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 127, and on that basis denies them.

128.   PSI denies the allegations of Paragraph 128 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 128, and on that basis denies them.

129.   PSI denies the allegations of Paragraph 129.

130.   PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 130, and on that basis denies them.

## Eleventh Cause of Action

131.   PSI incorporates by reference its responses to Paragraphs 1-130.

132.   PSI denies the allegations of Paragraph 132 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 132, and on that basis denies them.

## Twelfth Cause of Action

133.   PSI incorporates by reference its responses to Paragraphs 1-132.

134.   The allegations of Paragraph 134 characterize BNSF's claims and no response is required.

135.   The allegations of Paragraph 135 characterize BNSF's claims and no response is required.

136.   To the extent Paragraph 136 contains legal conclusions, no response is required.  Except as stated, PSI denies the allegations of Paragraph 136 to the extent they pertain to PSI.  Except as stated, PSI lacks information sufficient to form a belief as to the remaining allegations of Paragraph 136, and on that basis denies them.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Pacific Steel, Inc.'s Answer to Complaint

137. PSI admits the allegations of Paragraph 137.

138. The allegations of Paragraph 138 characterize BNSF's claims and no response is required.

## ANSWER TO PRAYER FOR RELIEF

PSI denies that BNSF has been injured or damaged in any way, and further denies that BNSF is entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses, PSI alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

(Uncertainty)

The claims, and each and every claim against PSI therein, is uncertain.

## SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The claims, and each and every claim against PSI therein, fails to state a claim against PSI upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

(Act of God)

PSI is not liable to BNSF to the extent any alleged release or threat of release of a hazardous substances and the alleged resulting damages were caused solely by an act of God, pursuant to CERCLA § 107(b)(1), 42 U.S.C. § 9607(b)(1).

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

The claims, and each cause of action alleged therein, are barred because of BNSF's failure to join indispensable and/or necessary parties.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-13-

Defendant Pacific Steel, Inc.'s Answer to Complaint

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## FIFTH AFFIRMATIVE DEFENSE

(Third Party Defense under CERCLA)

The claims, and each and every claim against PSI therein, is barred under the third party defense under CERCLA § 107(b) (42 U.S.C. § 9607(b)).

## SIXTH AFFIRMATIVE DEFENSE

(Federally Permitted Release Exemption)

The claims, and each and every claim against PSI therein, is barred by the federally permitted release exemption under CERCLA, Section 107(j) (42 U.S.C. 9607(j)) and the jurisprudence of *Carson Harbor Village. Ltd. v. Unocal Corp.,* 287 F.Supp.2d 1118 (W.D. Cal. 2003) and related case law.

## SEVENTH AFFIRMATIVE DEFENSE

(No Liability Under CERCLA or State Law for Non-Permitted Releases)

The claims, and each and every claim against PSI therein, is barred by *Carson Harbor Village. Ltd. v. Unocal Corp.,* 287 F.Supp.2d 1118 (W.D. Cal. 2003) and related case law.

## EIGHTH AFFIRMATIVE DEFENSE

(Act of Third Party)

PSI is not liable to BNSF because the alleged release or threat of release of hazardous substances, and the alleged damages resulting there from, if any, were caused solely by an act or omission of one or more third parties.

## NINTH AFFIRMATIVE DEFENSE

(Contributory and Comparative Fault)

Any and all injury or damages alleged by BNSF were caused, in whole or in part, by its own negligence, carelessness, lack of due care and fault, or by the negligence, carelessness, lack of due care and fault of BNSF's agents, employees or tenants. Accordingly, the claims, and each claim therein, is barred, in whole or in part, by BNSF's contributory or comparative fault.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1

2

## TENTH AFFIRMATIVE DEFENSE

(Intervening and/or Superseding Cause)

Any act or omission of PSI was not a substantial factor in bringing about the alleged injuries and damages, if any, and was not a contributing cause thereof, but was superseded by the acts and omissions of third parties, or acts of God, which were independent, intervening, and the proximate cause of any damages complained of by BNSF.

## ELEVENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

BNSF had knowledge of the risks necessarily incident to matters alleged in the claims, and if BNSF has suffered injuries or is entitled to any damages as alleged in the claims, which is expressly denied, those injuries and/or damages arose from and were caused by said risks knowingly and voluntarily assumed by BNSF.

## TWELFTH AFFIRMATIVE DEFENSE

(Preemption of State Remedies and Damages by CERCLA)

BNSF's claims and/or any remedies and damages that BNSF seeks under the California Hazardous Substances Account Act and its state common law claims are preempted, in whole or in part, by CERCLA.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The claims, and each cause of action against PSI therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Laches)

The claims, and each cause of action against PSI therein, is barred by the equitable doctrine of laches because of the unreasonable and prejudicial delay by BNSF in bringing this action.

1

## **FIFTEENTH AFFIRMATIVE DEFENSE**

(Due Care)

At all relevant times, PSI acted reasonably and with due care in accordance with all statutory and regulatory requirements.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

The claims, and each claim against PSI therein, are barred, in whole or in part, by BNSF's failure to mitigate any alleged damages.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

(Set-Off)

PSI is entitled to an offset against any liability for the greater of (1) any amounts actually paid by any person for any of the costs and/or damages alleged in the Complaint, or (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the claims.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

(Divisibility and Apportionment)

To the extent PSI is found liable for any damages, PSI alleges that the damages are divisible and should be apportioned in accordance with fault. BNSF's recovery against PSI, if any, should be reduced or eliminated by an amount proportionate to the amount by which the acts, omissions or negligence of BNSF and third parties contributed to the occurrence of the alleged conditions.

## **NINETEENTH AFFIRMATIVE DEFENSE**

(Failure to Incur Response Costs or Damages)

PSI alleges that the claims, and each of the causes of action against PSI therein, fails to state a claim for relief on the basis that BNSF has not incurred any recoverable response costs or damages.

-16-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    **TWENTIETH AFFIRMATIVE DEFENSE**

2    (Aggravation of Harm)

3    BNSF has caused the release or threatened release of any hazardous

4    substances or otherwise aggravated the alleged harm or threat of exposure to any

5    hazardous substances. Any recovery by BNSF for such harm should be barred or

6    reduced accordingly.

7    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

8    (Failure to Do Equity)

9    BNSF has failed to do equity in respect to all matters alleged in the claims

10   and, accordingly, is barred from recovery against PSI.

11   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12   (Lack of Standing)

13   PSI alleges that BNSF lacks standing to bring some or all of its claims in the

14   claims.

15   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16   (No Right to "Future Costs")

17   PSI alleges that BNSF's claims, to the extent they seek "future response

18   costs" or "costs to be incurred in the future" are barred under CERCLA. *See, In re*

19   *Dant & Russell, Inc.,* 951 F.2d 246, 249-250 (9th Cir. 1991).

20   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21   (No Basis for Recovery of Administrative Proceeding Costs)

22   BNSF has no right of indemnification or other basis of liability against PSI

23   for any costs or fees it has incurred or may incur in the future with respect to its

24   having to comply with an administrative agency's claims relating to investigation

25   and cleanup of its property and contamination which has emanated from the same.

26   / / /

27   / / /

28   / / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendant Pacific Steel, Inc.'s Answer to Complaint

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Basis for Attorney's Fees)

PSI alleges that the claims, and each claim against PSI therein, fails to set forth allegations sufficient to justify an award of attorney's fees, experts' fees, costs of defense, or other costs to defend against claims relating to the investigation and cleanup of BNSF's own property and contamination emanating from the same, in favor of BNSF and against PSI.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

The claims, and each cause of action alleged therein, fails because no conduct by PSI caused BNSF to suffer any damages, and BNSF fails to allege any such conduct.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

The damages alleged in the complaint are impermissibly remote and speculative, and, therefore, BNSF is barred from the recovery of any such damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Response, Removal or Remedial Action Costs)

PSI alleges that some or all costs alleged in the complaint do not constitute response costs within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25), or do not constitute removal or remedial costs within the meaning of sections 101(23) CERCLA, 42 U.S.C. §§ 9601(23) and 9601(24), and are therefore not recoverable.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Contribution Only Under the HSAA)

To the extent the Complaint seeks recovery under the California HSAA, that relief is limited to contribution only, and may not be joint and several.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## THIRTIETH AFFIRMATIVE DEFENSE

### (Release or Waiver)

PSI alleges that, by its conduct and the conduct of its agents or other parties, BNSF has waived and/or released its right to recover the relief sought in the claims against PSI.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Cause in Fact or Proximate Cause)

PSI alleges that the claims, and each and every claim against PSI contained therein, fails to state a claim upon which relief can be granted because BNSF has not alleged or stated any basis for any allegation that PSI's conduct was the cause in fact or proximate cause of any of the alleged problems or hazards alleged in the complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Undue Delay)

PSI alleges that BNSF has, contrary to its legal obligation under state and BNSF law, failed to take and unreasonably delayed in taking effective and reasonable action to abate the alleged hazards on the subject properties.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each claim therein, is barred by the equitable doctrine of laches because of the unreasonable and prejudicial delay by Plaintiff in filing this action.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

The Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of estoppel.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint, and each claim alleged therein, is barred by the applicable statutes of limitations, including, but not limited to, 42 U.S.C. § 9613(g); 28 U.S.C. § 2462; and California Code of Civil Procedure §§ 318, 337, 338, 339, 340, and 343.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(De Micromis Exemption)

PSI alleges that it is not liable to BNSF under section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), because PSI meets the statutory criteria set forth in section 107(o), 42 U.S.C. § 9607(o).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(De Minimus Harm)

PSI alleges that the contribution of PSI, if any, to the alleged contamination was de minimus.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Equitable Allocation)

PSI alleges that BNSF's claims for damages must be reduced in accordance with those factors recognized under section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for allocation of costs and damages among the parties, including BNSF, by virtue of the "Gore Factors" and other equitable considerations.

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### FORTIETH AFFIRMATIVE DEFENSE

(Contribution and Indemnification)

PSI alleges that it is entitled to indemnification and/or contribution from BNSF according to proof and that such contribution and/or indemnification would offset or eliminate any liability of PSI.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Lawful Activity)

PSI alleges that at all times it acted with due care, complied with all statutory, regulatory and common law requirements, including, but not limited to, any permits or governmental approvals concerning the activities which are the subject of the claims, and otherwise conducted itself responsibly under the circumstances.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Violation of Regulatory Standards)

PSI alleges that the claims, and each and every claim against PSI contained therein, is barred to the extent that BNSF's costs, if any, were incurred as a result of its violation of regulatory standards or its failure to comply with the directives of public officials.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Comply with NCP)

BNSF claims against PSI are barred, in whole or in part, because BNSF's response costs or damages, if any, are not necessary and/or are not consistent with the National Contingency Plan.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

Primary jurisdiction resides in the United States Environmental Protection Agency, the Department of Toxic Substances Control, and/or the State Water

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1  Resources Control Board, and the Court should therefore not exercise its

2  jurisdiction over the claims asserted in the Complaint.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

(Conflict Preemption)

The relief sought by Plaintiff pursuant to its claims based on state law is barred by the doctrine of conflict preemption, because those claims could stand as "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting CERCLA. Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928, 941-43 (9th Cir. 2002).

### FORTY-SIXTH AFFIRMATIVE DEFENSE

(No Liability for Wholly Past Acts or Omissions)

PSI is not liable to Plaintiff because the Complaint seeks to impose liability upon Defendant for wholly past alleged acts or omissions.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Capacity to Sue for Public Nuisance)

Defendant is not liable to Plaintiff because Plaintiff lacks the capacity to bring a civil action to abate a public nuisance.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

(No Special Injury for Public Nuisance)

Plaintiff has not suffered any special injury to assert a claim for public nuisance.

### FORTY-NINTH AFFIRMATIVE DEFENSE

(Permanent Nuisance and/or Trespass)

If any nuisance and/or trespass has been created or maintained as alleged by Plaintiff, that nuisance and/or trespass is permanent.

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## FIFTIETH AFFIRMATIVE DEFENSE

(Consent to Nuisance and/or Trespass)

If any nuisance and/or trespass has been created or maintained as alleged by Plaintiff, Plaintiff consented to that nuisance and/or trespass.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Legal Duty)

The Complaint fails to allege facts sufficient to establish a legal duty on the part of Defendant.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

Defendant alleges that Plaintiff had knowledge of the risks necessarily incident to matters alleged in the Complaint, and that if Plaintiff have suffered injuries or is entitled to any damages as alleged in the Complaint, which is expressly denied, those injuries and/or damages arose from and were caused by said risks knowingly and voluntarily assumed by Plaintiff.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

(Contributory and Comparative Negligence)

Any and all injury or damages were caused, in whole or in part, by Plaintiff's own negligence, carelessness, lack of due care and fault, or by the negligence, carelessness, lack of due care and fault of Plaintiff's predecessors in interest, their agents, employees or tenants and/or third parties, excluding Defendant. Accordingly, the Complaint, and each claim therein, is barred, in whole or in part, by Plaintiff's contributory or comparative fault.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

(Conditions Precedent to Contract)

Defendant is not liable to Plaintiff because Plaintiff failed to perform the necessary conditions precedent under the alleged contracts.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

(Failure of Consideration)

Defendant is not liable to Plaintiff because the alleged contracts lacked consideration.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

(Mutual Mistake)

Defendant is not liable to Plaintiff because the alleged contracts are void by reason of mutual mistake.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

(Right to Allege Additional Defenses)

The complaint does not describe its claims or events with sufficient particularity to allow PSI to ascertain what other affirmative defenses may exist, and PSI therefore reserves the right to assert additional affirmative defenses once it determines the precise nature of BNSF's claims and it discovers that such additional defenses may be appropriate.

**WHEREFORE**, PSI prays for judgment as follows:

1.     That the Court denies the relief sought by BNSF;

2.     That BNSF take nothing by its Complaint against PSI;

3.     That PSI be awarded its costs and reasonable attorneys' fees, to the extent permitted;

4.     For a declaration declaring that PSI is not liable to BNSF in any amount; and

5.     For such other and further relief as the court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## **DEMAND FOR JURY TRIAL**

PSI hereby demands a jury trial as to those claims and matters to which it is entitled a trial by jury.

Dated:  September 18, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Brian M. Ledger*
Brian M. Ledger
Christopher T. Johnson
Attorneys for Defendant
PACIFIC STEEL, INC., a
California Corporation

Defendant Pacific Steel, Inc.'s Answer to Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101**

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Brian M. Ledger*
Brian M. Ledger

1316995/81688505v.1

-26-
Defendant Pacific Steel, Inc.'s Answer to Complaint