UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>                                    Plaintiff,<br><br>V.<br><br>PACIFIC STEEL, INC.,<br><br>                                    Defendant. | Case No.:  23CV1202-JLB<br><br>**ORDER RESETTING EARLY NEUTRAL EVALUATION CONFERENCE AND ISSUING UPDATED PROCEDURES** |

On September 19, 2023, the Court scheduled an Early Neutral Evaluation Conference ("ENE") in this matter for November 1, 2023 at 9:00 a.m. before Magistrate Judge Jill L. Burkhardt.  ECF No. 12.

On October 20, 2023, Magistrate Judge Barbara Major was assigned to this matter for settlement purposes and the pending ENE was transferred to Judge Major.  ECF No. 14.  Due to a conflict on the Court's calendar, the Court **RESETS** the ENE for **November 9, 2023** at **2:00 p.m.** via videoconference before Judge Major.

The following are mandatory guidelines for the parties preparing for the Early Neutral Evaluation Conference.

1.     **Purpose of Conference**:  The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an

effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

      2.    **Appearance via Videoconference Required**: All parties, adjusters for insured parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **via videoconference** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference. Counsel for a government entity is excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

      Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Motions seeking a waiver of the personal appearance requirement must establish good cause and be filed at least five (5) court dates prior to the conference.** Failure to appear at the ENE conference will be grounds for sanctions.

      a.    The Court will use its official Zoom video conferencing account to hold the ENE. **IF YOU ARE UNFAMILIAR WITH ZOOM**: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom, and familiarize

---

[1] Participants should use a device with a camera to fully participate in the video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices may offer inferior performance.

themselves with Zoom in advance of the ENE.[2]  There is a cost-free option for creating a Zoom account.

   b. Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference.  Again, if possible, <u>participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance</u>.  Participants must join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device will be prompted to download and install Zoom before proceeding when they click on the ZoomGov Meeting hyperlink**.  Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

   c. Each participant should plan to <u>join the Zoom video conference at least five minutes before the start of the ENE</u> to ensure that the ENE begins promptly at **2:00 p.m**.  **The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time**.

   d. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE.  That is, the Court will begin the ENE with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

   e. No later than **October 30, 2023**, counsel for each party must send an e-

---

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

mail to the Court at **efile_Major@casd.uscourts.gov** containing the following:

      i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

      ii. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

      iii. A **telephone number where each participant may be reached** so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.  (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

    All participants must display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.  Because Zoom may quickly deplete the battery of a participant's device, <u>each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference</u>.

    3.    **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[4] must be present for the

---

[4] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

  4. **Confidential ENE Statements Required**: On or before **October 30, 2023**, the parties must submit via fax or email (**efile_major@casd.uscourts.gov**), confidential statements no more than ten (10) pages[5] in length directly to the chambers of the Honorable Barbara L. Major. **These confidential statements must not be filed or served on opposing counsel**. Each party's confidential statement must include the following:

   a. A brief description of the case, including a chronology of the relevant facts and a statement of the principal factual disputes;

   b. A brief description of the legal claims, counterclaims, and defenses asserted, and a statement of the principal contested legal disputes, including references to relevant statutes and legal authority;

   c. A specific and current demand or offer for settlement addressing all relief or remedies sought. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer. A general statement that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith; and

   d. A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

  5. **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel**: Plaintiff or his counsel must give notice of the ENE to parties responding to the complaint after the date of this notice.

---

[5] The parties must not append attachments or exhibits to the ENE statement.

6. **Case Management Conference**:  In the event the case does not settle during the ENE, the Court will conduct an Initial Case Management Conference.  In preparation for this conference, the parties must[6]

    a.    File a Joint Discovery Plan on the CM/ECF system no later than **October 30, 2023**.  Agreements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.  The Joint Discovery Plan must be one document and must address each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the discovery plan must include:

        i.    **Service**:  A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

        ii.    **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

        iii.    **Protective Order**:  Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

        iv.    **Privilege**: The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

        v.    **Evidence Preservation**: Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

        vi.    **Electronic Discovery**: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not

---

[6] In Judge Burkhardt's September 19, 2023 order, the parties were ordered to meet and confer pursuant to Fed. R. Civ. P. 26(f) by **October 4, 2023**.  ECF No. 12 at 5.

be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

      vii.    **Discovery**: In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes;

      viii.    **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

      ix.    **Scheduling**: Proposed dates for fact discovery cutoff, expert designations and disclosures, expert discovery cutoff, filing of dispositive motions, filing class certification motion (if class is alleged), pretrial conference and trial;

      x.    **Professional Conduct**: Whether all attorneys of record for the parties have reviewed Civil Local Rule 2.1 on Professionalism; and

      xi.    **Miscellaneous**: Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

    b.    Exchange initial disclosures pursuant to Rule 26(a)(1)(A-D) no later than **November 2, 2023**.

    7.    **Requests to Continue an ENE Conference**: Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will consider formal, written, *ex parte* requests to continue an ENE conference when good cause exists that make a continuance appropriate. Any request must be filed with the Court and served on opposing counsel. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) days prior to the scheduled conference**.

    **IT IS SO ORDERED**.

Dated: 10/20/2023

Hon. Barbara L. Major
United States Magistrate Judge